IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01693-BNB

JAMES ROCKETT,

    Plaintiff,

v.

WARDEN CHARLES DANIELS,
UNKNOWN OFFICER #1 (Mr. Vigil),
UNKNOWN OFFICER #2,
UNKNOWN OFFICER #3, and
DIRECTOR OF FEDERAL BUREAU OF PRISONS,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, James Rockett, is a federal prisoner at the Federal Correctional Institution in Bennettsville, South Carolina.  Plaintiff initiated this action by filing *pro se* a Complaint pursuant to 42 U.S.C. § 1983.  On June 18, 2014, Magistrate Judge Boland reviewed the Complaint and determined that it was deficient because Plaintiff failed to use a proper Court-approved form to present his claims and to request leave to proceed pursuant to 28 U.S.C. § 1915.  Magistrate Judge Boland directed Plaintiff to cure the deficiencies, which Plaintiff has done.   Magistrate Judge Boland also granted  Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Under 28 U.S.C.

§ 1915A, the Court is required to review the Complaint because Plaintiff is a prisoner and Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the Complaint, or any portion of the Complaint, that is frivolous. A legally frivolous claim is one in which a plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous.

In the Complaint filed on July 31, 2014, Plaintiff asserts jurisdiction pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983. He claims that on June 9, 2012, when he was transferred to a different prison facility, federal officers failed to properly inventory his personal property and to provide to him a personal property record. Plaintiff further asserts that when he arrived at the new prison facility, and received his property, certain items were missing and that as of the filing of this action, he has not been able to recover the missing items. Plaintiff seeks money damages.

Plaintiff generally is claiming his Fifth Amendment rights were violated. (Plaintiff identifies the Fifteenth Amendment as the basis for his claim, but his description of the Fifteenth Amendment indicates he is relying on the Fifth Amendment.) The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. CONST. Amend V. Plaintiff does not have a constitutionally-protected interest in a prison official's negligent or intentional and deprivations of his property if he has an available adequate post-deprivation remedy. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984) (explaining a deprivation of property

involving a state employee does not constitute a violation of the Due Process Clause "if a meaningful postdeprivation remedy for the loss is available"). The same due process principles under the Fourteenth Amendment apply to the federal government through the Fifth Amendment, *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991), and postdeprivation tort remedies are all the process that is due, *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).

Plaintiff submitted an administrative remedy to challenge the loss of his property and appealed the request for administrative remedies to the Bureau of Prisons Central Office. *See* ECF No. 10-11 and 17. Plaintiff also provides documentation that prison staff directed him to file a request for damages on a tort claim form regarding the lost property. *Id.* at 10. He, therefore, is not able to maintain a Fifth Amendment due process claim. *See Williams v. Mestas*, 355 F. App'x 222, 224 (10th Cir. 2009) (prisoner's due process rights were not violated where prisoner was provided an administrative remedy to challenge the destruction of his property); *Muhammad v. Finley, et al.*, 74 F. App'x 847, 849 (10th Cir. 2003) (negligent or intentional deprivations of property do not violate the Due Process Clause); *Wilson v. United States*, 29 F. App'x 495, 497 (10th Cir. 2002) (same). Because Plaintiff has a meaningful postdeprivation remedy available the Court will dismiss this action as legally frivolous.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505.00 appellate filing fee or

file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that the Motion for Release, ECF No. 9, is denied as moot.

DATED at Denver, Colorado, this  12th  day of      August         , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court